Good morning, Your Honors. The question in this case, I'm sorry, may it please the Court. My name is Ben Lovman. I'm representing Asim Gul, the petitioner here in this case. The question is whether, the question before this Court today is whether or not the finding of the immigration judge, which was affirmed by the BIA with additions, that the presumption of a well-founded fear of persecution has been rebutted and whether that finding is supported by substantial evidence. Now, the first issue is whether or not the immigration judge or the Board of Immigration Appeals engage in any individualized analysis because in order to overcome the presumption of a well-founded fear, the agency must provide or the government has the burden, the government has the burden of providing evidence which shows that the Respondent or the applicant no longer has, there's been, that there's been a fundamental change in circumstances in the country so that the Respondent no longer has a well-founded fear. And this Court has held that in order to do that, there must be both general, there should be general country conditions evidence, but also individualized analysis of how those, that evidence applies to the applicant. I mean, but bring this down to specifics from those general principles. Your client was last in Afghanistan in 1999. Is that right? Say that again, Your Honor? Your client was last, when was he last in Afghanistan? That would be 99, yes. Okay. And that was at a time that the Taliban were reigning, were governing the country. Correct, Your Honor. Okay. And since then, the Taliban no longer govern the country. That is correct. It's much like the last case we had. And so the, why isn't that a sufficient basis for the, for the Board and the I.J. to conclude that, look, the people that's prosecuting are in the country, they no longer run the country, and therefore the presumption of continuing to be persecuted is broken because the people who did the persecuting are no longer in charge. It seems like a plausible... Yes, Your Honor, that... Why isn't that, why is that enough to support the Board's position? Indeed, that seems very plausible on its face. However, the mere change in government does not lead to a wholesale change in country conditions evidence, which is shown in the record, where there's, even the Department of State report is chock-full of evidence of continuing violence, continuing activities by the Taliban, the continuing inability of the government, the newly installed government, which was nation and ill-equipped to deal with security countrywide, let alone of its own... But it's really a different situation to be in a country that's run by the people who persecute you and to be in a country where the people who persecute you have been ousted, somebody else is in charge, and in some places they don't do a perfect job of keeping security, but the people who persecute are no longer running the country. I mean, that's a big, big change. However, an applicant's burden is to prove that either the government is unwilling or unable. In this case, the evidence is sufficient to show that they're completely unable... We're talking about the presumption that flows from past persecution, and you don't need the presumption. You might be able to prove persecution, probability of persecution, without the presumption, but right now we're talking about the presumption and whether the BIA had a reasonable basis for saying the presumption is rebutted. Now, the presumption could be rebutted, and nevertheless, you could go on and say, but he has shown proof that he was persecuted anyway. But right now, I just want to limit the presumption. However, to rebut that presumption, the government is required to present evidence that there has been a fundamental change. The mere change in government... It's pretty fundamental, a change in government. You know, we send troops in there, and, you know... And we can send troops, we can change the government, but that doesn't change the conditions on the ground necessarily, as the reports reflect, as the other articles reflect, as the Amnesty International article reflects. The question is whether the circumstances have changed as they relate to the applicant. I don't think that is the question. The question is whether there is evidence that supports the board's conclusion that conditions have changed. Now, you could argue before the board differently, and the board might have come out the other way. But the question we have is, is there enough evidence in the record to support a rebutting of a presumption? I mean, isn't that what we do here? That's what we're here to talk about. So what you have to say is there isn't even enough evidence to support... The board and the IJ's finding are legally insufficient and factually insufficient. First of all, they neither engaged in an individualized analysis, which is required in order to rebut the presumption. The IJ said generally that 3 million refugees have repatriated and the Taliban no longer controls significant portions of Afghanistan. The BIA added to that. We conclude that the applicant's argument that there should be a differentiation between different types of refugees is not persuasive. They don't say why it's not persuasive, and they don't apply the change in circumstances to applicant's particular case. What particular attributes does this man have other than he's a probably repatriatable Afghani? He was in the unique circumstances of having been forced in a way to provide assistance to the Taliban by stating to them that he would spy and provide information regarding the Mujahideen to the Taliban. And he testified to this, and he testified credibly, as the IJ found, that he is worried that because of these activities he would be targeted. He was a member of the Mujahideen, and he helped the Taliban against the Soviets. Is that the idea? No. When he was captured, in order to secure his release, he offered to- Captured by whom? By the Taliban. Right. And they detained him, and they beat him, and they assaulted him. They persecuted him. In order to secure his release, he offered to provide information regarding the Mujahideen to the Taliban to act as a spy, as an agent. However, he testified that he provided false information and did so only because he thought otherwise he would be killed. So you say that in considering changed country conditions, the BIA has to come up with substantial evidence that shows that there is no persecution of former phony Mujahideen spies for the Taliban. How particular must it be to be particularized? I don't think we need to reach that question in this case, Your Honor, because they didn't get into any particulars. They cite four general – the IJ cites maybe three general propositions, and then the BIA has a conclusory remark regarding the differentiation. If you don't give me a standard, I can't say the government breached it. What's the standard? How particularized does the inquiry have to be? They should at least address how the generalized statements in the country reports relate to the applicant's particular situation. In this case, they don't even tie the two together. They just say, oh, there's changed country conditions, there's a new government, therefore all refugees. All refugees are the same, essentially. What you say is they have to tie it together and say the changed country conditions now benefit former spies who gave phony testimony or phony information to the Taliban. What I'm saying is that they can't make a supportable finding that the government has rebutted the presumption based on generalized reports of three million refugees. You're not getting anywhere. Tell me what's the difference between generalized reports and your standard of particularized reports. How particular must the information be? The information in the reports does not necessarily need to be particularized. If the immigration judge or the BIA ties that to the response to the applicant. How can he tie it unless you tell me what information is necessary? It's going to necessarily change in every case. But here the fact remains that the finding is legally insufficient because there is no, no particularized finding and it is the government's burden to rebut the presumption of a well-founded fear. Here they've offered a Department of State report which is ambiguous at best and they've offered statements or transcripts of interviews from the Interior Minister of Afghanistan saying that we're doing a great job. That hardly constitutes substantial evidence or a preponderance of the evidence that the country conditions have changed. Especially where the applicant has provided contradictory evidence which strongly suggests that the country conditions haven't changed fundamentally, which is the requirement, and where the credible testimony of the applicant is that he fears persecution. Thank you, Your Honor. Thank you. We'll hear from the government. I'm back. We have another Afghanistan case here, again, involving a change from an application filed in 1999 when the Taliban was in power and a decision by the immigration judge in his merits hearing in 2003 and proceeding to the board on it today. So the board, the IJN, the board has found that there is a fundamental change in country conditions and Gould has not demonstrated that any evidence in the record compels reversal of that finding. Here, as he comes to the floor. You're not contesting that there was a presumption from the severe beings and so forth that he did have? We are not contesting that there is a presumption of a well-founded fear, but we strongly are holding here that there was a fundamental change in circumstances, i.e., the ouster of the governing party, the Taliban, that rebutted that presumption. And that is your burden. Yes, and that was shown. The government met its burden in rebutting that presumption. The country reports are clear on their face, and we're all aware that the Taliban was ousted. This is a fundamental change in circumstances. His claim was that he feared persecution by the Taliban. The standard for showing a fear of persecution is that it has to be by the government or by a force that the government is unable or unwilling to control. Gould did not demonstrate that the new government in power was unable or unwilling to control the Taliban, so he couldn't show that he had a well-founded fear of persecution. The country conditions evidence, including the State Department reports, which this Court has found that the ---- Now, was that his burden to show that they could or could not control the Taliban or yours? It's his burden. That's part of his standard for showing that he has a well-founded fear of persecution, because, again, we've rebutted the presumption of past persecution already with this fundamental change. So he has to show what every other applicant typically has to show, that they have a well-founded fear of persecution. And in order to show that, you have to show that you fear harm by the government or by a group that the government is unable or unwilling to control. And here the Taliban, according to all the evidence in the record, had retreated to very remote areas in Afghanistan. They were not in control or even present in Kabul or in any of the other central areas of the country. They don't really have to be in control, do they? They don't necessarily have to be in control. It could be a group that's persecuting him that the government is unable to control. Right. Private acts by private individuals, meaning nongovernment, can constitute persecution. But, again, it has to be that the government can't protect those people. And in Jalalabad, from where Mr. Ghul hails, the Taliban didn't even really have a presence there, let alone there's nothing in the record to show that they were attacking civilians or anything of the sort. So he hasn't shown that the central government of Afghanistan couldn't protect him if he goes back there. And the country reports here, Ghul's counsel is contesting that they're generalized. This Court has stated that the Department of State country reports are usually the best indicators of changed country conditions. What about Mr. Lubman's point that there was no particularization by the I.J. of the use of the changed country condition reports to Mr. Ghul's particular situation? That is, they didn't consider whether the changed country reports affected, I suppose, former Taliban spies who gave bad information to the Taliban about the mujahideen? Here... Is that necessary to do? Absolutely not. Again, to show a fundamental change in circumstances, you just need to know that there has been something big that's happened, that's turned over, that is directly related to a person's eligibility for asylum. And here, Ghul claimed he feared persecution by the Taliban.  The immigration judge and board absolutely tied this fundamental change, the ouster of the Taliban, and the fact that they are no longer in a position to persecute him, they tied that directly to his particularized claim that he fears persecution by the Taliban. And they also demonstrated that millions of refugees have been repatriated, which includes some people that left before the Taliban was in power and those who left because the Taliban was in power. But all the reports discussing the repatriation of refugees clearly state that they returned, that they're all returning to Afghanistan because the Taliban's no longer in power, because conditions have improved for them to return. So you're saying that Mr. Ghul made a generalized claim of future persecution by Taliban because he had left Afghanistan. He didn't make a claim that he had a particularized situation as a former spy and giving phony testimony to the Taliban. And therefore, we should disregard that particular situation of Mr. Ghul, which he raises now? No, that's not what he raised. He raised a claim of fear of persecution by the Taliban, which included his reasons why he believes he will be targeted. However, fundamentally, again, it's the Taliban that he's fearing harm from. And if you can't show that the Taliban is in a position to persecute him, because, one, they're not the government, and, two, the central government is working very hard to quell the Taliban, because he can't show that the government is not willing and able to protect him. He cannot. It just dispenses with this claim altogether, regardless of whether or not he had been asked to spy. And to address that situation, his circumstances actually aren't that unique. If this Court were to look at several of its unpublished Afghanistan cases, we have several people claiming that the Taliban either tried to conscript them or tried to get them to spy on the mujahideen, et cetera. This is not an unusual claim. Most individuals have some sort of claim that they've had some sort of interaction with the Taliban, and that's why they feared going back. But this Court has found in those cases, change in circumstances, the Taliban is no longer in power,  And if the Court doesn't have any further questions, I'll just ask you to deny the petition for review. Thank you. Thank you. Case decided. You'll stand submitted.
judges: Kozinski, Hug, Bea